STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, ET AL., APPELLANTS, V. HARRY D. CLARKE ET AL., APPELLEES.

FILED MAY 17, 1922. No. 22479.

1.  Schools and School Districts: CONSOLIDATED DISTRICTS. Chapter 243, Laws 1919, provides two methods for the consolidation of school districts, and declares, where the new district "contains" an organized consolidated school district, that consolidation shall be had by a petition of not less than 51 per cent. of the school electors in said new district, residing outside of the existing organized consolidated district. *Held*, where an organized consolidated district is only partially contained within the newly organized district, that this provision for consolidation upon petition does not apply.

2.  ———: ———. The phrase, "contains a consolidated school district," as used in the statute, refers to a consolidated district which is completely contained within the proposed new district.

3.  ———: ———: TRUSTEES. The provision found in section 6, ch. 243, Laws 1919, providing for an organization meeting and election of officers in the newly created district, contemplates and was intended to give the electors authority, at that meeting, to choose the plan of school district organization, and, though the districts which have become included within the newly consolidated district were previously operating under the statute providing for three trustees, the electors may, at the organization meeting, provide for a school district government through six trustees, and elect such trustees in pursuance of that plan.

4.  ———: ———: ———: TERM OF OFFICE. Under section 6753, Rev. St. 1913, where such trustees are elected at the organization meeting of the newly consolidated district, *held*, that the first year of their respective terms shall be construed to include that period of time elapsing from the date of the organization meeting and the election of such trustees up to the time of the holding of the first annual meeting, prescribed by statute, of the newly created district.

APPEAL from the district court for Seward county: GEORGE F. CORCORAN and EDWARD E. GOOD, JUDGES. *Affirmed.*

*Norval Bros., Coleman, Landis & Mastin, Hainer,*

*Craft, Edgerton & Fraizer* and *R. R. Schick*, for appellants.

*Thomas, Vail & Stoner* and *McKillip & Barth*, contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

FLANSBURG, J.

This is an action in *quo warranto*, to test the legality of the organization of consolidated school district No. 6, in Seward county, and to test the right of the two opposing sets of trustees, who claim to have been elected in that district, to hold office. The trial court sustained the validity of the school district organization, held that those trustees, elected at the organization meeting, were entitled to hold office; and that the trustees, elected at the annual meeting of the new district, held in June, 1921, were illegally elected. The relator and those persons claiming to have been legally elected as trustees in June appeal.

Consolidated school district No. 6 was organized and established under the provisions of chapter 243, Laws 1919. Proceedings were first had, duly prescribing the boundaries of the proposed district. The boundaries thus fixed included eight districts and a part of a consolidated district, being consolidated district No. 99, in which the incorporated village of Tamora is located. These individual districts, as they were then existing, were organized under the law (Rev. St. 1913, ch. 71, art. III) providing for three school district trustees. After fixing the boundaries of the proposed consolidated school district No. 6, an election was called for the purpose of passing upon the question of consolidation. Five notices of election were posted within the boundaries of the proposed district. At this election the proposal to consolidate was carried. Following the election, the county superintendent called a meeting of all the electors of the district for the purpose of organizing the district and electing officers. Personal notice of such meeting was given each elector. These notices described the place for the meeting as the Modern Woodmen hall in

the village of Tamora. The meeting, however, was actually held in the street, near this hall, an injunction having been procured restraining the manager of the hall from permitting the use of the hall for the purpose. It is contended that this meeting was informal, and that there was so much noise and confusion and irregularity that the electors present were unable to fairly express themselves, and that the proceedings as to organization and election of officers did not take place exactly as the minutes of the meeting purport to show. The trial court, however, has found upon those issues of fact against those contentions, and there is sufficient evidence in the record to support the findings of the court in that respect.

At this meeting it appears that a resolution was adopted, declaring that the district was a consolidated high school district, and that it should elect a district board, consisting of six trustees. This was an adoption of a form of government provided by chapter 71, Rev. St. 1913. In pursuance of that resolution, the six trustees were elected, they being the respondents Clarke et al., and whom we shall hereafter call the first set of trustees.

On June 13 the district held, according to the statute, its first annual meeting, and at that meeting, the contention of a majority of the electors present being that at the organization meeting the district could not adopt a plan of government providing for six trustees, and that the election of the six trustees at that meeting was illegal, proceeded to elect an entirely new and second set of trustees; these trustees being the respondents Charles Gladwish et al. It is the contention of this second set of trustees that, should it be found that the district is legally organized, they are the duly elected trustees thereof.

The first question raised is as to the validity of the organization of the district. It is claimed that the district, which includes the village of Tamora, was not only a high school district, but was an "organized consolidated" district, and that, therefore, the organization of consolidated district No. 6, which included that district, should have

been by the method of a petition of 51 per cent. of the school electors residing outside of the Tamora district (Laws 1919, ch. 243, sec. 6). It is also urged that no legal notice of the election, called to pass upon the question of consolidation, was given, as is required for holding school district elections (Laws 1919, ch. 243, sec. 5), since the only notice given was by the posting of five different notices at different places throughout the proposed district.

These objections, so far as they involve the question of what constitutes a high school district, and of what constitutes the sufficiency of the notice, are controlled by the decision in *State v. Richardson, ante,* p. 604.

This leaves the question of whether or not the district, in which Tamora is located, was an "organized consolidated" school district, and was "contained" within the proposed consolidated district No. 6, so that the method for consolidation of district No. 6 should have been by petition instead of by election.

It appears, however, that the district, in which Tamora is located, is not wholly included within the proposed district No. 6, and therefore does not come within the wording of the statute which says, when the proposed district "contains" a consolidated school district, the consolidation may be had upon a petition of 51 per cent. of the electors of the proposed district, residing outside of such consolidated district. It is true that only a small portion—640 acres—of the district, in which Tamora is situated, is excluded from the proposed new district No. 6, and it is the contention of counsel that, in practical effect, this exclusion of territory makes no material difference. However, the statute prescribes a strict and arbitrary rule of procedure, and, should we follow the reasoning of counsel, how would it be possible to tell how much of a consolidated school district might be excluded from the newly proposed district and still the consolidated school district as such be, within the contemplation of the statute, "contained" within the new district? Where the entire consolidated district is not included within the new district, the effect of

the consolidation of a new district is not to add territory to the already established consolidated district, but is to change and alter the boundaries of such original consolidated district, and, in effect, establish a different and entirely new district, as distinguished from an enlarged one. The word "contain," in its usual and ordinary sense, means "contain completely," for if a thing is not completely contained within another it is not contained at all. To give the word "contain," as used in the statute, any other meaning would only lead to confusion.

The next question presented is whether or not the electors had authority, under the statute, to adopt at the organization meeting a plan of organization providing for the election of six trustees, and whether they had authority to elect such trustees at such meeting.

Section 6798, Rev. St. 1913, prescribes the manner in which a school district may change its organization from that providing three trustees to an organization providing six trustees. The statute reads as follows:

"Any district containing more than one hundred and fifty children, between the ages of five and twenty-one years, may elect a district board consisting of six trustees: *Provided,* the district shall so determine at an annual meeting by a vote of a majority of the voters attending such meetings. When such change in the district board shall have been voted, the voters at such annual meeting shall proceed immediately to elect two trustees for the term of one year, two for the term of two years, and two for the term of three years, and annually thereafter two trustees shall be elected whose term of office shall be three years and until their successors shall have been elected and qualified."

It is evident that this provision of the statute had no reference, in any sense, to proceedings to be had at the first meeting of newly organized districts, nor does it prohibit a district, which is newly organized, from choosing between the two forms of school district government at its organization meeting. The law of 1919, under which the

consolidated school district in question is organized (Laws 1919, ch. 243, sec. 6), contains the provision:

"If the election results are favorable to the establishment of said new school district, the county superintendent, within ten days thereafter, shall call a meeting of the electors as provided by law for the organization of new districts. At said meeting the qualified electors shall proceed to elect a school board as provided by law."

It appears to us clearly within the contemplation of the legislature, by this enactment, that the electors of the new district should have authority to adopt the plan of school district organization which they deemed fit. Surely, it would be unreasonable to say that at this organization meeting they must proceed with a plan of government pro· viding for three trustees until an annual meeting of the newly consolidated district could be had, and this for the sole reason that the several districts, which had become included within the new district, were found to have had, as their previous form of government, organizations providing for three trustees. Surely, there could have been no object in so restraining the electors at the organization meeting. On the other hand, the purport of the statute is to give them full authority to organize the new district under such plan of school district government as they should choose, and to elect officers in pursuance of that plan. This was done, and it is our opinion that the trustees, elected at the organization meeting in April, were legally elected and are entitled to hold office for their respective terms.

In this connection, and as further bearing out this position in the interpretation of the statute, we call attention to section 6753, Rev. St. 1913, which is as follows:

"When a new district is organized and officers elected at any other time than at the annual meeting, the time intervening between the date of organization and the beginning of the next school year shall constitute the first year in the term of such officers." We believe this section of the statute governs as to terms of office of the trustees elected at

the organization meeting, and that the time elapsing, from such election to the first annual meeting held in June of that year, should be construed, under the statute, to constitute the first year of their respective terms.

It seems to us that the writ was properly denied as against the first set of trustees and properly allowed against the others, and the judgment of the trial court is therefore

AFFIRMED.